UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          Case No.: 6:15-bk-01838-KSJ
                                                Chapter 7
JODELL M. ALTIER,

      Debtor.

_____/


GENE T. CHAMBERS, Trustee in Bankruptcy
for Jodell M. Altier,

      Plaintiff,

v.

JODELL M. ALTIER, JENNIFER E. SANDMAN          Adv. Pro. No. _____-KSJ
and JILL A. ALTIER, as Successor Co-Trustees of
the ALTIER FAMILY IRREVOCABLE TRUST U/A
DTD 7/9/2002, GRANDE LEGACY GROUP
(A Texas Joint-Stock Company) of Orange County,
Florida, and JODELL M. ALTIER and JOSEPH E.
ALTIER, as Trustees of Orange County, Florida,

      Defendants.

_____/


**ADVERSARY COMPLAINT TO DETERMINE AND DECLARE EXTENT OF
ESTATE'S INTEREST IN REAL PROPERTY, TO QUIET TITLE, AND TO
RECOVER ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFERS**

      Plaintiff, Gene T. Chambers, Trustee in Bankruptcy for Jodell M. Altier ("Plaintiff"), by

and through undersigned counsel, hereby sues the Defendants, Jodell M. Altier ("Debtor"),

Jennifer E. Sandman  ("Sandman"), as Successor Co-Trustee of the Altier Family Irrevocable

Trust U/A DTD 7/9/2002 (the "Family Trust"), Jill A. Altier ("Jill Altier"), as Successor Co-

Trustee of the Family Trust, Grande Legacy Group (A Texas Joint-Stock Company) of Orange

County, Florida ("GLG"), Jodell M. Altier, as Trustee of Orange County, Florida ("Trustee

Jodell Altier"), and Joseph E. Altier, as Trustee of Orange County, Florida ("Trustee Joseph Altier"), to determine and declare the extent of the Estate's interest in real property, to quiet title, and to recover actual and constructive fraudulent transfers, and in support, states as follows:

## VENUE, JURISDICTION, AND PARTIES

1.     This is an adversary proceeding brought by Plaintiff pursuant to Bankruptcy Rules 7001(1), (2), (7), (9) & (10).

2.     This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. § 157 and § 1334(b).

3.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 & 1409.

4.     This is a core proceeding for which the court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

5.     This bankruptcy was commenced by the filing of a voluntary chapter 7 bankruptcy petition for Debtor on March 4, 2015, in Case Number 6:15-bk-01838-KSJ (the "Petition Date").

6.     Plaintiff is the duly appointed and qualified trustee in this chapter 7 proceeding.

7.     Defendant, Debtor, is an individual residing in Orange County, Florida.

8.     Defendant, the Family Trust, is a trust established under the laws of Florida and is represented by Sandman and Jill Altier, in their capacities as trustees of the Family Trust.

9.     Defendant, GLG, is a Texas joint-stock company, an unincorporated company treated for purposes of litigation as a partnership under Texas law.  GLG is located in Orange County, Florida, and is otherwise subject to the jurisdiction of this Court.

10.     Defendants, Trustee Jodell Altier and Trustee Joseph Altier, are trustees of an unknown trust, and are added to this suit in their capacity as a trustee and in their individual

capacity to the extent there is no trust.  Trustee Jodell Altier and Trustee Joseph Altier reside in Orange County, Florida, and are otherwise subject to the jurisdiction of this court.

## THE ROAT DRIVE PROPERTY

11.     On or around February 16, 1996, Debtor obtained sole title to real property located at 2507 Roat Drive, Orlando, Florida 32835 (the "Roat Drive Property") pursuant to a Special Warranty Deed executed by Debra, Inc., and recorded in the Public Records of Orange County, Florida, in Book 5014, Page 4129 ("1996 Roat Deed").  A copy of the 1996 Roat Deed is attached hereto as **Exhibit "A"**.

12.     The Roat Drive Property is more particularly described as follows:

> Lot 26A, Palma Vista Replat, according to the map or plat thereof, as recorded in Plat Book 29, Page(s) 45, of the Public Records of Orange County, Florida.

13.     On or around September 17, 2013, the Roat Drive Property was purportedly conveyed by Trustee Jodell Altier and Trustee Joseph Altier to GLG pursuant to a Warranty Deed recorded in the Public Records of Orange County, Florida, in Book 10636, Page 3463 (the "2013 Roat Deed").  A copy of the 2013 Roat Deed is attached hereto as **Exhibit "B"**.

14.     No intervening deeds of record evidence any transfer of the Roat Drive Property from Debtor in her individual capacity to any trust.

15.     No specific trust is named or specified on the 2013 Roat Deed, nor is any related trust agreement recorded in the Public Records of Orange County, Florida.

16.     The 2013 Roat Deed, by its own terms, was given for no consideration as only the minimum documentary stamp taxes of seventy cents ($0.70) were paid.

17.    The 2013 Roat Deed is a legal nullity, and sole title to the Roat Drive Property remains with Debtor (and the Estate) as there is no deed of record transferring title from Debtor in her individual capacity to any party.

## THE KETTLE DRIVE PROPERTY

18.    On or around March 15, 2002, Debtor obtained sole title to 2122 Kettle Drive, Orlando, Florida 32835 (the "Kettle Drive Property") pursuant to a Warranty Deed executed by James R. Henson and recorded in the Public Records of Orange County, Florida, in Book 6485, Page 5610 (the "2002 Kettle Deed").  A copy of the 2002 Kettle Deed is attached hereto as **Exhibit "C"**.

19.    The Kettle Drive Property is more particularly described as follows:

> Lot 67, Metrowest Unit Two Replat, according to the map or plat thereof, as recorded in Plat Book 23, Page(s) 120 and 121, of the Public Records of Orange County, Florida.

20.    On or around July 10, 2012, Debtor conveyed the Kettle Drive Property to the Defendants Sandman and Jill Altier as trustees of the Family Trust pursuant to a Special Warranty Deed recorded in the Public Records of Orange County, Florida, in Book 10411, Page 4940 (the "2012 Kettle Deed").  A copy of the 2012 Kettle Deed is attached hereto as **Exhibit "D"**.

21.    The 2012 Kettle Deed, by its own terms, was given for no consideration as only the minimum documentary stamp taxes of seventy cents ($0.70) were paid.

22.    On or around September 17, 2013, the Kettle Drive Property was purportedly conveyed by Trustee Jodell Altier and Trustee Joseph Altier to GLG pursuant to a Warranty Deed recorded in the Public Records of Orange County, Florida, in Book 10636, Page 4940 (the "2013 Kettle Deed").  A copy of the 2013 Kettle Deed is attached hereto as **Exhibit "E"**.

4

23.    No intervening deeds of record evidence any transfer of the Kettle Drive Property from any party to any trust.

24.    No specific trust is named or specified on the 2013 Kettle Deed, nor is any related trust agreement recorded in the Public Records of Orange County, Florida.

25.    The 2013 Kettle Deed, by its own terms, was given for no consideration as only the minimum documentary stamp taxes of seventy cents ($0.70) were paid.

26.    The 2013 Kettle Deed is a legal nullity.

## THE LANTERNBACK PROPERTY

27.    On or around June 7, 2002, Debtor obtained title to real property located at 280 Lanternback Island Drive, Satellite Beach, Brevard County, Florida 32937 (the "Lanternback Property") pursuant to a General Warranty Deed executed by Glenn C. Morris and June C. Heineman Morris and recorded in in the Public Records of Brevard County, Florida, at Book 4613, Page 2224 (the "2002 Lanternback Deed").  A copy of the 2002 Lanternback Deed is attached hereto as **Exhibit "F"**.

28.    The Lanternback Property is more particularly described as follows:

> Lot 28, Block 7, TORTOISE ISLAND, PHASE FOUR, P.U.D.,
> according to the plat thereof as recorded in Plat Book 34, Pages 69
> through 79 of the Public Records of Brevard County, Florida.

29.    On or around July 10, 2012, Debtor conveyed the Lanternback Property to the Defendants Sandman and Jill Altier as trustees of the Family Trust pursuant to a Special Warranty Deed recorded in the Public Records of Brevard County, Florida, in Book 6647, Page 2372 (the "2012 Lanternback Deed").  A copy of the 2012 Lanternback Deed is attached hereto as **Exhibit "G"**.

30.     The 2012 Lanternback Deed, by its own terms, was given for no consideration as only the minimum documentary stamp taxes of seventy cents ($0.70) were paid.

31.     On or around September 17, 2013, the Lanternback Property was purportedly conveyed by Trustee Jodell Altier and Trustee Joseph Altier to GLG pursuant to a Warranty Deed recorded in the Public Records of Brevard County, Florida, in Book 6972, Page 2207 (the "2013 Lanternback Deed").   A copy of the 2013 Lanternback Deed is attached hereto as **Exhibit "H"**.

32.     No intervening deeds of record evidence any transfer of the Lanternback Property to any trust.

33.     No specific trust is named or specified on the 2013 Lanternback Deed, nor is any related trust agreement recorded in the Public Records of Brevard County, Florida.

34.     The 2013 Lanternback Deed, by its own terms, was given for no consideration as only the minimum documentary stamp taxes of seventy cents ($0.70) were paid.

35.     The 2013 Lanternback Deed is a legal nullity.

## COUNT I – ACTION FOR DECLARATORY RELIEF AND TO QUIET TITLE
### (Roat Drive Property)

36.      Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     This is an action to determine and declare the Estate's interest in the Roat Drive Property pursuant to Bankruptcy Rule 7001, the Declaratory Judgments Act, and to quiet title in the Estate pursuant to Chapter 65, *Florida Statutes*.

38.     Plaintiff seeks a judicial determination of whether Defendants GLG, Trustee Jodell Altier, or Trustee Joseph Altier have an any interest in the Roat Drive Property in order

that Plaintiff may ascertain its rights to encumber, sell, lease, or otherwise dispose of the Roat Drive Property.

39.    The 2013 Roat Deed is a legal nullity and sole title to the Roat Drive Property lies in the Estate.

40.    Defendant GLG claims ownership of the Roat Drive Property in opposition to the claims of Plaintiff.

41.    A judicial determination of the rights and ownership of the parties over the Roat Drive Property is necessary and appropriate at this time in that there is uncertainty over the issue of ownership.

42.    Plaintiff seeks an Order from this Court declaring that the Roat Drive Property is property of the Estate, and quieting title to the Roat Drive Property in the Estate free and clear of any interest which the Defendants may claim.

WHEREFORE, Plaintiff respectfully requests that this Court issue a declaratory judgment quieting title to the Roat Drive Property in the Estate, declaring that Plaintiff is the sole party with the legal right to sell, alienate, or otherwise dispose of the Roat Drive Property, authorizing and directing Plaintiff to sell, alienate, or otherwise dispose of the Roat Drive Property to the benefit of the Estate, and granting such other relief as is just and proper.

### COUNT II – CONSTRUCTIVE FRAUDULENT TRANSFER (ALTERNATIVE)
### (Roat Drive Property - Federal)

43.    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

44.    This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550.

45.     Within two years prior to the Petition Date, the Debtor transferred, to or for the benefit of GLG, the Roat Drive Property by virtue of the 2013 Roat Deed.

46.     The 2013 Roat Deed was a transfer of property of the Debtor.

47.     The Debtor received less than reasonably equivalent value in exchange for the 2013 Roat Deed.

48.     The Debtor was insolvent at the time of the 2013 Roat Deed or became insolvent as a result thereof.

49.     At the time of the 2013 Roat Deed, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining property of the Debtor constituted an unreasonably small amount of capital.

50.     At the time of the 2013 Roat Deed, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond the Debtor's ability to pay as they became due.

51.     The 2013 Roat Deed is avoidable under 11 U.S.C. § 548(a)(1)(B).

52.     Pursuant to 11 U.S.C. § 550(a), the recovery of the Roat Drive Property is authorized to the extent the 2013 Roat Deed is avoided under 11 U.S.C. § 548.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2013 Roat Deed to the extent of its effectiveness; (ii) recovering the value of the Roat Drive Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Roat Drive Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for

which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

### COUNT III – CONSTRUCTIVE FRAUDULENT TRANSFER (ALTERNATIVE) (Roat Drive Property - UFTA)

53.    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

54.    This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b) and 550, and Fla. Stat. §§ 726.105(1)(b), 726.106(1) and 726.108.

55.    Within four years prior to the Petition Date, the Debtor transferred, to or for the benefit of GLG, the Roat Drive Property by virtue of the 2013 Roat Deed.

56.    The 2013 Roat Deed was a transfer of property of the Debtor.

57.    The Debtor received less than reasonably equivalent value in exchange for the 2013 Roat Deed.

58.    The Debtor was insolvent at the time of the 2013 Roat Deed or became insolvent as a result thereof.

59.    At the time of the 2013 Roat Deed, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining property of the Debtor constituted an unreasonably small amount of capital.

60.    At the time of the 2013 Roat Deed, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond the Debtor's ability to pay as they became due.

61.    At the time of the 2013 Roat Deed, there was at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under the Florida Uniform Fraudulent Transfer Act ("FUFTA").

62.     The 2013 Roat Deed is avoidable under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

63.     Pursuant to 11 U.S.C. § 550(a), the recovery of the Roat Drive Property is authorized to the extent the 2013 Roat Deed is avoided under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2013 Roat Deed to the extent of its effectiveness; (ii) recovering the value of the Roat Drive Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Roat Drive Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

### COUNT IV - ACTUAL FRAUDULENT TRANSFER (ALTERNATIVE)
### (Roat Drive Property - Federal)

64.     Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

65.     This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550.

66.     Within two years prior to the Petition Date, the Debtor transferred, to or for the benefit of GLG, the Roat Drive Property by virtue of the 2013 Roat Deed.

67.     The 2013 Roat Deed was a transfer of property of the Debtor.

68.     The 2013 Roat Deed was executed with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such payments were made, indebted.

69.     The Debtor received less than reasonably equivalent value in exchange for the 2013 Roat Deed.

70.     The Debtor was insolvent at the time of the 2013 Roat Deed or became insolvent as a result thereof.

71.     The 2013 Roat Deed was executed as part of and in furtherance of the Debtor's admitted asset protection scheme.

72.     The 2013 Roat Deed was executed in favor of an insider.

73.     The Debtor retained possession and control of the Roat Drive Property after the 2013 Roat Deed.

74.     The 2013 Roat Deed was executed on the same day as other deeds giving substantially all of the Debtor's real property to GLG in a concerted, planned attempt to shield Debtor's assets from the claims of creditors.

75.     The 2013 Roat Deed is avoidable under 11 U.S.C. § 548(a)(1)(A).

76.     Pursuant to 11 U.S.C. § 550(a), the recovery of the Roat Drive Property is authorized to the extent the 2013 Roat Deed is avoided under 11 U.S.C. § 548.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2013 Roat Deed to the extent of its effectiveness; (ii) recovering the value of the Roat Drive Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Roat Drive Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the

Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

### COUNT V - ACTUAL FRAUDULENT TRANSFER (ALTERNATIVE)
### (Roat Drive Property - UFTA)

77.     Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

78.     This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b) and 550 and Fla. Stat. § 726.105(1)(a) and 726.108.

79.     Within four years prior to the Petition Date, the Debtor transferred, to or for the benefit of GLG, the Roat Drive Property by virtue of the 2013 Roat Deed.

80.     The 2013 Roat Deed was a transfer of property of the Debtor.

81.     The 2013 Roat Deed was executed with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such payments were made, indebted.

82.     The Debtor received less than reasonably equivalent value in exchange for the 2013 Roat Deed.

83.     The Debtor was insolvent at the time of the 2013 Roat Deed or became insolvent as a result thereof.

84.     The 2013 Roat Deed was executed as part of and in furtherance of the Debtor's admitted asset protection scheme.

85.     The 2013 Roat Deed was executed in favor of an insider.

86.     The Debtor retained possession and control of the Roat Drive Property after the 2013 Roat Deed.

87.    The 2013 Roat Deed was executed on the same day as other deeds giving substantially all of the Debtor's real property to GLG in a concerted, planned attempt to shield Debtor's assets from the claims of creditors.

88.    At the time of the 2013 Roat Deed, there was at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

89.    The 2013 Roat Deed is avoidable under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

90.    Pursuant to 11 U.S.C. § 550(a), the recovery of the Roat Drive Property is authorized to the extent the 2013 Roat Deed is avoided under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2013 Roat Deed to the extent of its effectiveness; (ii) recovering the value of the Roat Drive Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Roat Drive Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

### COUNT VI – ACTION FOR DECLARATORY RELIEF AND TO QUIET TITLE
**(Kettle Drive Property)**

91.    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

92.     This is an action to determine and declare the Estate's interest in the Kettle Drive Property pursuant to Bankruptcy Rule 7001, the Declaratory Judgments Act, and to quiet title in the Estate pursuant to Chapter 65, *Florida Statutes*.

93.     Plaintiff seeks a judicial determination of whether Defendants GLG, the Family Trust, Trustee Jodell Altier, or Trustee Joseph Altier have an any interest in the Kettle Drive Property in order that Plaintiff may ascertain its rights to encumber, sell, lease, or otherwise dispose of the Kettle Drive Property.

94.     The 2012 Kettle Deed is an obvious fraudulent transfer and subject to avoidance.

95.     The 2013 Kettle Deed is a legal nullity.

96.     Defendant GLG claims ownership of the Kettle Drive Property in opposition to the claims of Plaintiff.

97.     A judicial determination of the rights and ownership of the parties over the Kettle Drive Property is necessary and appropriate at this time in that there is uncertainty over the issue of ownership.

98.     Plaintiff seeks an Order from this Court declaring that the Kettle Drive Property is property of the Estate, and quieting title to the Kettle Drive Property in the Estate free and clear of any interest which the Defendants may claim.

WHEREFORE, Plaintiff respectfully requests that this Court issue a declaratory judgment quieting title to the Roat Drive Property in the Estate, declaring that Plaintiff is the sole party with the legal right to sell, alienate, or otherwise dispose of the Roat Drive Property, authorizing and directing Plaintiff to sell, alienate, or otherwise dispose of the Roat Drive Property to the benefit of the Estate, and granting such other relief as is just and proper.

## COUNT VII – CONSTRUCTIVE FRAUDULENT TRANSFER (ALTERNATIVE)
### (Kettle Drive Property – Federal)

99.     Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

100.     This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550.

101.     Within two years prior to the Petition Date, the Debtor transferred, to or for the benefit of GLG, the Kettle Drive Property by virtue of the 2013 Kettle Deed.

102.     The 2013 Kettle Deed was a transfer of property of the Debtor.

103.     The Debtor received less than reasonably equivalent value in exchange for the 2013 Kettle Deed.

104.     The Debtor was insolvent at the time of the 2013 Kettle Deed or became insolvent as a result thereof.

105.     At the time of the 2013 Kettle Deed, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining property of the Debtor constituted an unreasonably small amount of capital.

106.     At the time of the 2013 Kettle Deed, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond the Debtor's ability to pay as they became due.

107.     The 2013 Kettle Deed is avoidable under 11 U.S.C. § 548(a)(1)(B).

108.     Pursuant to 11 U.S.C. § 550(a), the recovery of the Kettle Drive Property is authorized to the extent the 2013 Kettle Deed is avoided under 11 U.S.C. § 548.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2013 Kettle Deed to the extent of its effectiveness; (ii) recovering the

value of the Kettle Drive Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Kettle Drive Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

### COUNT VIII – CONSTRUCTIVE FRAUDULENT TRANSFER
**(Kettle Drive Property - UFTA)**

109.    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

110.    This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b) and 550, and Fla. Stat. §§ 726.105(1)(b), 726.106(1) and 726.108.

111.    Within four years prior to the Petition Date, the Debtor transferred, to or for the benefit of the Family Trust and GLG, the Kettle Drive Property by virtue of the 2012 Kettle Deed and the 2013 Kettle Deed.

112.    The 2012 Kettle Deed and the 2013 Kettle Deed were transfers of property of the Debtor.

113.    The Debtor received less than reasonably equivalent value in exchange for the 2012 Kettle Deed and the 2013 Kettle Deed.

114.    The Debtor was insolvent at the time of the 2012 Kettle Deed and the 2013 Kettle Deed or became insolvent as a result thereof.

115.    At the time of the 2012 Kettle Deed and the 2013 Kettle Deed, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining property of the Debtor constituted an unreasonably small amount of capital.

116.    At the time of the 2012 Kettle Deed and the 2013 Kettle Deed, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond the Debtor's ability to pay as they became due.

117.    At the time of the 2012 Kettle Deed and the 2013 Kettle Deed, there was at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

118.    The 2012 Kettle Deed and the 2013 Kettle Deed are avoidable under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

119.    Pursuant to 11 U.S.C. § 550(a), the recovery of the Kettle Drive Property is authorized to the extent the 2012 Kettle Deed and the 2013 Kettle Deed are avoided under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2012 Kettle Deed and the 2013 Kettle Deed to the extent of its effectiveness; (ii) recovering the value of the Kettle Drive Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Kettle Drive Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

## COUNT IX – ACTUAL FRAUDULENT TRANSFER (ALTERNATIVE)
### (Kettle Drive Property - Federal)

120.    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

121.     This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550.

122.     Within two years prior to the Petition Date, the Debtor transferred, to or for the benefit of GLG, the Kettle Drive Property by virtue of the 2013 Kettle Deed.

123.     The 2013 Kettle Deed was a transfer of property of the Debtor.

124.     The 2013 Kettle Deed was executed with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such payments were made, indebted.

125.     The Debtor received less than reasonably equivalent value in exchange for the 2013 Kettle Deed.

126.     The Debtor was insolvent at the time of the 2013 Kettle Deed or became insolvent as a result thereof.

127.     The 2013 Kettle Deed was executed as part of and in furtherance of the Debtor's admitted asset protection scheme.

128.     The 2013 Kettle Deed was executed in favor of an insider.

129.     The Debtor retained possession and control of the Kettle Drive Property after the 2013 Kettle Deed.

130.     The 2013 Kettle Deed was executed on the same day as other deeds giving substantially all of the Debtor's real property to GLG in a concerted, planned attempt to shield Debtor's assets from the claims of creditors.

131.     The 2013 Kettle Deed is avoidable under 11 U.S.C. § 548(a)(1)(A).

132.     Pursuant to 11 U.S.C. § 550(a), the recovery of the Kettle Drive Property is authorized to the extent the 2013 Kettle Deed is avoided under 11 U.S.C. § 548.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2013 Kettle Deed to the extent of its effectiveness; (ii) recovering the value of the Kettle Drive Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Kettle Drive Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

## COUNT X – ACTUAL FRAUDULENT TRANSFER
### (Kettle Drive Property - UFTA)

133.    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

134.    This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b) and 550 and Fla. Stat. § 726.105(1)(a) and 726.108.

135.    Within four years prior to the Petition Date, the Debtor transferred, to or for the benefit of the Family Trust and GLG, the Kettle Drive Property by virtue of the 2012 Kettle Deed and the 2013 Kettle Deed.

136.    The 2012 Kettle Deed and the 2013 Kettle Deed were transfers of property of the Debtor.

137.    The Debtor received less than reasonably equivalent value in exchange for the 2012 Kettle Deed and the 2013 Kettle Deed.

138.    The Debtor was insolvent at the time of the 2012 Kettle Deed and the 2013 Kettle Deed or became insolvent as a result thereof.

139.    At the time of the 2012 Kettle Deed and the 2013 Kettle Deed, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining property of the Debtor constituted an unreasonably small amount of capital.

140.    At the time of the 2012 Kettle Deed and the 2013 Kettle Deed, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond the Debtor's ability to pay as they became due.

141.    At the time of the 2012 Kettle Deed and the 2013 Kettle Deed, there was at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

142.    The 2012 Kettle Deed and the 2013 Kettle Deed are avoidable under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

143.    Pursuant to 11 U.S.C. § 550(a), the recovery of the Kettle Drive Property is authorized to the extent the 2012 Kettle Deed and the 2013 Kettle Deed are avoided under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2012 Kettle Deed and the 2013 Kettle Deed to the extent of its effectiveness; (ii) recovering the value of the Kettle Drive Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Kettle Drive Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

## COUNT XI – ACTION FOR DECLARATORY RELIEF AND TO QUIET TITLE
### (Lanternback Property)

144.    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

145.    This is an action to determine and declare the Estate's interest in the Lanternback Property pursuant to Bankruptcy Rule 7001, the Declaratory Judgments Act, and to quiet title in the Estate pursuant to Chapter 65, *Florida Statutes*.

146.    Plaintiff seeks a judicial determination of whether Defendants GLG, the Family Trust, Trustee Jodell Altier, or Trustee Joseph Altier have an any interest in the Lanternback Property in order that Plaintiff may ascertain its rights to encumber, sell, lease, or otherwise dispose of the Lanternback Property.

147.    The 2012 Lanternback Deed is an obvious fraudulent transfer and subject to avoidance.

148.    The 2013 Lanternback Deed is a legal nullity.

149.    Defendant GLG claims ownership of the Lanternback Property in opposition to the claims of Plaintiff.

150.    A judicial determination of the rights and ownership of the parties over the Lanternback Property is necessary and appropriate at this time in that there is uncertainty over the issue of ownership.

151.    Plaintiff seeks an Order from this Court declaring that the Lanternback Property is property of the Estate, and quieting title to the Lanternback Property in the Estate free and clear of any interest which the Defendants may claim.

WHEREFORE, Plaintiff respectfully requests that this Court issue a declaratory judgment quieting title to the Lanternback Property in the Estate, declaring that Plaintiff is the

sole party with the legal right to sell, alienate, or otherwise dispose of the Lanternback Property,
authorizing and directing Plaintiff to sell, alienate, or otherwise dispose of the Lanternback
Property to the benefit of the Estate, and granting such other relief as is just and proper

## COUNT XII – CONSTRUCTIVE FRAUDULENT TRANSFER (ALTERNATIVE)
### (Lanternback Property – Federal)

152.    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this
Complaint as if fully set forth herein.

153.    This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 548 and
550.

154.    Within two years prior to the Petition Date, the Debtor transferred, to or for the
benefit of GLG, the Lanternback Property by virtue of the 2013 Lanternback Deed.

155.    The 2013 Lanternback Deed was a transfer of property of the Debtor.

156.    The Debtor received less than reasonably equivalent value in exchange for the
2013 Lanternback Deed.

157.    The Debtor was insolvent at the time of the 2013 Lanternback Deed or became
insolvent as a result thereof.

158.    At the time of the 2013 Lanternback Deed, the Debtor was engaged in business or
a transaction, or was about to engage in business or a transaction, for which the remaining
property of the Debtor constituted an unreasonably small amount of capital.

159.    At the time of the 2013 Lanternback Deed, the Debtor intended to incur, or
believed or reasonably should have believed that she would incur, debts beyond the Debtor's
ability to pay as they became due.

160.    The 2013 Lanternback Deed is avoidable under 11 U.S.C. § 548(a)(1)(B).

161. Pursuant to 11 U.S.C. § 550(a), the recovery of the Lanternback Property is authorized to the extent the 2013 Lanternback Deed is avoided under 11 U.S.C. § 548.

162. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2013 Lanternback Deed to the extent of its effectiveness; (ii) recovering the value of the Lanternback Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Lanternback Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

### COUNT XIII – CONSTRUCTIVE FRAUDULENT TRANSFER
### (Lanternback Property - UFTA)

163. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

164. This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b) and 550, and Fla. Stat. §§ 726.105(1)(b), 726.106(1) and 726.108.

165. Within four years prior to the Petition Date, the Debtor transferred, to or for the benefit of the Family Trust and GLG, the Lanternback Property by virtue of the 2012 Lanternback Deed and the 2013 Lanternback Deed.

166. The 2012 Lanternback Deed and the 2013 Lanternback Deed were transfers of property of the Debtor.

167. The Debtor received less than reasonably equivalent value in exchange for the 2012 Lanternback Deed and the 2013 Lanternback Deed.

168.   The Debtor was insolvent at the time of the 2012 Lanternback Deed and the 2013 Lanternback Deed or became insolvent as a result thereof.

169.   At the time of the 2012 Lanternback Deed and the 2013 Lanternback Deed, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining property of the Debtor constituted an unreasonably small amount of capital.

170.   At the time of the 2012 Lanternback Deed and the 2013 Lanternback Deed, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond the Debtor's ability to pay as they became due.

171.   At the time of the 2012 Lanternback Deed and the 2013 Lanternback Deed, there was at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

172.   The 2012 Lanternback Deed and the 2013 Lanternback Deed are avoidable under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

173.   Pursuant to 11 U.S.C. § 550(a), the recovery of the Lanternback Property is authorized to the extent the 2012 Lanternback Deed and the 2013 Lanternback Deed are avoided under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2012 Lanternback Deed and the 2013 Lanternback Deed to the extent of its effectiveness; (ii) recovering the value of the Lanternback Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Lanternback Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to

the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

## COUNT XIV – ACTUAL FRAUDULENT TRANSFER (ALTERNATIVE)
### (Lanternback Property – Federal)

174. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

175. This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550.

176. Within two years prior to the Petition Date, the Debtor transferred, to or for the benefit of GLG, the Lanternback Property by virtue of the 2013 Lanternback Deed.

177. The 2013 Lanternback Deed was a transfer of property of the Debtor.

178. The 2013 Lanternback Deed was executed with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such payments were made, indebted.

179. The Debtor received less than reasonably equivalent value in exchange for the 2013 Lanternback Deed.

180. The Debtor was insolvent at the time of the 2013 Lanternback Deed or became insolvent as a result thereof.

181. The 2013 Lanternback Deed was executed as part of and in furtherance of the Debtor's admitted asset protection scheme.

182. The 2013 Lanternback Deed was executed in favor of an insider.

183. The Debtor retained possession and control of the Lanternback Property after the 2013 Lanternback Deed.

184.     The 2013 Lanternback Deed was executed on the same day as other deeds giving substantially all of the Debtor's real property to GLG in a concerted, planned attempt to shield Debtor's assets from the claims of creditors.

185.     The 2013 Lanternback Deed is avoidable under 11 U.S.C. § 548(a)(1)(A).

186.     Pursuant to 11 U.S.C. § 550(a), the recovery of the Lanternback Property is authorized to the extent the 2013 Lanternback Deed is avoided under 11 U.S.C. § 548.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2013 Lanternback Deed to the extent of its effectiveness; (ii) recovering the value of the Lanternback Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Lanternback Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

### COUNT XV – ACTUAL FRAUDULENT TRANSFER
### (Lanternback Property - UFTA)

187.     Plaintiff re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

188.     This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b) and 550 and Fla. Stat. § 726.105(1)(a) and 726.108.

189.     Within four years prior to the Petition Date, the Debtor transferred, to or for the benefit of the Family Trust and GLG, the Lanternback Property by virtue of the 2012 Lanternback Deed and the 2013 Lanternback Deed.

190.     The 2012 Lanternback Deed and the 2013 Lanternback Deed were transfers of property of the Debtor.

191.     The Debtor received less than reasonably equivalent value in exchange for the 2012 Lanternback Deed and the 2013 Lanternback Deed.

192.     The Debtor was insolvent at the time of the 2012 Lanternback Deed and the 2013 Lanternback Deed or became insolvent as a result thereof.

193.     At the time of the 2012 Lanternback Deed and the 2013 Lanternback Deed, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining property of the Debtor constituted an unreasonably small amount of capital.

194.     At the time of the 2012 Lanternback Deed and the 2013 Lanternback Deed, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond the Debtor's ability to pay as they became due.

195.     At the time of the 2012 Lanternback Deed and the 2013 Lanternback Deed, there was at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

196.     The 2012 Lanternback Deed and the 2013 Lanternback Deed are avoidable under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

197.     Pursuant to 11 U.S.C. § 550(a), the recovery of the Lanternback Property is authorized to the extent the 2012 Lanternback Deed and the 2013 Lanternback Deed are avoided under Fla. Stat. § 726.108(1)(a) and 11 U.S.C. § 544(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants (i) avoiding the 2012 Lanternback Deed and the 2013 Lanternback Deed to the

extent of its effectiveness; (ii) recovering the value of the Lanternback Property from the Defendants pursuant to 11 U.S.C. § 550; (iii) declaring the Lanternback Property to be property of the Estate free and clear of the interests of the Defendants; (iv) granting all costs from this action; (v) disallowing any and all claims by the Defendants unless the Defendant has returned to the Debtor's estate the value of the transfers for which Defendant is liable pursuant to 11 U.S.C. § 550; and (vi) for such other and further relief as the Court deems just and proper.

Respectfully submitted this _21st_ of January, 2016.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Anthony M. Nardella, Jr., Esq.
Florida Bar No.
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
akeppel@nardellalaw.com

**Counsel for Plaintiff, Gene T. Chambers, in her capacity as chapter 7 Trustee for the Estate of Jodell Altier**

# EXHIBIT "A"

Orange Co FL 5517389
02/16/96  03:34:35pm
OR Bk 5014 Pg 4129
Rec 19.50 DSC 787.50

THIS INSTRUMENT PREPARED BY
AND SHOULD BE RETURNED TO:
J. LINDSAY BUILDER, JR., ESQUIRE
HONIGMAN MILLER SCHWARTZ AND COHN
390 N. ORANGE AVENUE, SUITE 1300
ORLANDO, FLORIDA 32801

## SPECIAL WARRANTY DEED

THIS SPECIAL WARRANTY DEED made this 16th day of February, 1996, by **DEBRA, INC.**, a Florida corporation, whose address is 2100 S. Hiawassee Road, Orlando, Florida 32835 (hereinafter called the "Grantor"), to **JODELL M. ALTIER**, a married woman, whose mailing address is 107 Holderness Drive, Longwood, Florida 32779 (hereinafter called the "Grantee").

Grantee Tax ID No. _____

WITNESSETH: That the Grantor, for and in consideration of the sum of $10.00 and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the Grantee, all that certain land (the "Property") situate in Orange County, Florida, viz:

Lot 26A, PALMA VISTA REPLAT, according to the Plat thereof as recorded in Plat Book 29, Page 45, of the Public Records of Orange County, Florida.

Parcel I.D. #03-23-28-6577-00260

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND the Grantor hereby covenants with the Grantee that the Grantor is lawfully seized of the Property in fee simple; and that the Property is free and clear of all encumbrances except for the taxes accruing subsequent to December 31, 1995, and the Permitted Exceptions attached hereto as Exhibit "A"; and that the Grantor has good right and lawful authority to sell and convey the Property. The Grantor hereby warrants the title to the Property and will defend the same against the lawful claims of all persons claiming by, through or under the Grantor.

ORLANDO/58774.1/18559/027240

IN WITNESS WHEREOF, the Grantor has caused these presents to be executed in its name as of the day and year first above written.

Signed, sealed and delivered
in our presence:

*Shelley K. Graham*
Signature of witness

Print name: *Shelley K Graham*

*Wanda Y. Dodge*
Signature of witness

Print name: *Wanda Y. Dodge*

DEBRA, INC.
a Florida corporation

By: *Lindsay Builder Jr.*
J. Lindsay Builder, Jr.
Vice President

(CORPORATE SEAL)

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was acknowledged before me this 16th day of February, 1996, by J. Lindsay Builder, Jr., the Vice President of DEBRA, INC., a Florida corporation, on behalf of the corporation. He is personally known to me.

*Shelley K. Graham*
Notary Public
Print Name: *Shelley K Graham*
My commission expires:

SHELLEY K. GRAHAM
MY COMMISSION # CC 374114
EXPIRES: June 19, 1998
Bonded Thru Notary Public Underwriters

OR Bk 5014 Pg 4130
Orange Co FL 5517389

ORLANDO/58774.1/18559/027240                    2

OR Bk 5014 Pg 4131
Orange Co FL 5517389

## EXHIBIT "A"

## PERMITTED EXCEPTIONS

1.    Master Declaration of Protective Covenants and Restrictions for METROWEST, dated February 24, 1986, and recorded on March 13, 1986, in Official Records Book 3759, Pages 2756 through 2862, inclusive, of the Public Records of Orange County, Florida, as amended from time to time as provided therein.

2.    Developer's Agreement by and between the CITY OF ORLANDO, FLORIDA, and DEBRA, INC., dated February 28, 1983, and recorded in Official Records Book 3354, Page 1337, of the Public Records of Orange County, Florida.

3.    Notice of Adoption of Development Order executed by DEBRA, INC., dated March 4, 1983, and recorded in Official Records Book 3354, Page 2364; as amended by DRI Development Order Amendment 1, dated February 1, 1985, and recorded in Official Records Book 3797, Page 1199, and Amendment No. 2 to DRI Development Order dated March 12, 1990, and recorded in Official Records Book 4168, Page 2722, of the Public Records of Orange County, Florida.

4.    Declaration of Protective Covenants and Restrictions for Palma Vista recorded in Official Records Book 4115, Page 939; Amendment to Declaration of Protective Covenants and Restrictions for Palma Vista recorded in Official Records Book 4723, Page 3053, of the Public Records of Orange County, Florida.

5.    Maintenance Agreement recorded in Official Records Book 3791, Page 315; Agreement Concerning Transfer of Responsibilities recorded in Official Records Book 3820, Page 4314, of the Public Records of Orange County, Florida.

6.    Conditions and easements as depicted in the Plat of Palma Vista Replat, according to the Plat thereof as recorded in Plat Book 29, Page 45, Public Records of Orange County, Florida.

7.    This Warranty Deed is made, delivered and accepted with the understanding that the Grantee shall not convey the Property prior to the issuance of a certificate of occupancy by the appropriate governmental authority indicating completion of all improvements to the Property contemplated by the Plans and Specifications without the prior written approval of the Grantor. This restriction shall be deemed a covenant running with the land and shall be for the benefit of and be enforceable by the Grantor, its successors or assigns.

8.    The Grantee shall not apply for any variance or change in zoning on the Property without the written consent of the Grantor.

ORLANDO/58774.1/18559/027240

3

## EXHIBIT "A"

## PERMITTED EXCEPTIONS

(continued)

9.    The Grantee, by accepting this Special Warranty Deed, acknowledges that the Purchase Price paid to the Grantor as consideration for the Property was agreed to upon the condition that the Property will not be reconveyed prior to the issuance of a certificate of occupancy by the appropriate governmental authority indicating completion of all improvements to the Property contemplated by the Plans and Specifications, and that the Grantee shall not apply for any variance or change in zoning on the Property without the prior written approval of the Grantor.

OR Bk 5014 Pg 4132
Orange Co FL 5517389

Recorded - Martha O. Haynie

# EXHIBIT "B"

Prepared by:

After Recorded return to
Jodell M. & Joseph E Altier
2507 Roat Dr
Orlando, FL 32835

DOC# 20130497796 B: 10636 P: 3463
09/18/2013 03:13:41 PM  Page 1 of 2
Rec Fee: $18.50
Deed Doc Tax: $0.70
DOR Admin Fee: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
SA - Ret To: JOSEPH ALTIER

# Warranty Deed

| | |
|---|---|
| **STATE OF FLORIDA** | )( |
| | )( |
| **COUNTY OF ORANGE** | )( |

KNOW ALL MEN BY THESE PRESENTS, that Jodell M. Altier & Joseph E. Altier, Trustees of Orange County Florida, grant and convey for Ten Dollars and other valuable considerations unto the said Grande Legacy Group (A Texas Joint-Stock Company) of Orange County, Florida all that certain residential lot and improvements known as:

2507 Roat Dr Orlando, FL 32835

That property located and more specifically described as that property;

Real property in the County of Orange, State of Florida –

*Legal Description:*

LOT 26A, PALMA VISTA REPLAT, ACCORDING TO THE PLAT OR MAP THEREOF AS RECORDED IN PLAT BOOK 29, PAGE 45, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

PARCEL ID: 23-28-03-6577-00-260

To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in any wise belonging unto the said Grande Legacy Group its heirs or assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Grande Legacy Group its heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof. This Deed is subject to any liens and mortgages authorized and executed by the Grantors.

by _____
Jodell M. Altier, Trustee

_____
Joseph E. Altier, Trustee

_____
Witness
KATHERINE BECK
Print

_____
Witness
Michele Dobrucky
Print

Warranty Deed
Page 1 of 2

**STATE OF FLORIDA** )(
)(
**COUNTY OF ORANGE** )(

On the 17 day of _Sept_____, 2013, before me came, Jodell M. Altier & Joseph E. Altier Trustees, known to me to be the individuals described in, and who executed the foregoing instrument, and he/her acknowledged that he/her executed the same, and in due form of law acknowledged the foregoing instrument to be his/her free act and deed and desired the same might be recorded as such.

Witness my hand and official seal.

_Javie Solis_____
Printed Name

_____
Notary Public in and for the State of Florida

My Commission Expires:___03/15/16

```
JAVIER SOLIS
Notary Public - State of Florida
My Comm. Expires Mar 15, 2016
Commission # EE 179839
Bonded Through National Notary Assn.
```

Warranty Deed
Page 2 of 2

# EXHIBIT "C"

OR Bk **6485** Pg **5610**
Orange Co FL 2002-0144473
03/25/2002   03:44:58pm
Rec 6.00 DSC 525.00
Recorded - Martha O. Haynie

This Instrument Prepared by and Return to:
**ANA M. FLOWERS**
ORANGE TITLE, INC.
2002 E. ROBINSON STREET
ORLANDO, FL  32803



Property Appraisers Parcel Identification (Folio) Numbers:
**03-23-28-5609-00670**
Grantee SS #:

_____SPACE ABOVE THIS LINE FOR RECORDING DATA_____

**THIS WARRANTY DEED,** made the **15th** day of **March**, A.D. 2002 by **JAMES R. HENSON, Individually and as Trustee** herein called the grantor, whose post office address is **P.O. Box 3643, Orlando, Florida 32805**, to **JODELL M. ALTIER, a married woman** whose post office address is **2507 Roat Drive, Orlando, Florida 32835**, hereinafter called the Grantee:
(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

   **W I T N E S S E T H :**   That the grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in ORANGE County, State of Florida, viz:

   **Lot 67, METROWEST UNIT 2 REPLAT, according to the Plat thereof as recorded in Plat Book 23, Pages 120 and 121, of the Public Records of Orange County, Florida.**

   **THIS IS NOT NOW NOR HAS IT EVER BEEN THE HOMESTEAD OF THE GRANTOR.**

   **Subject to easements, restrictions and reservations of record and to taxes for the year 2002 and thereafter.**

**TOGETHER,** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD,** the same in fee simple forever.

**AND,** the grantor hereby covenants with said grantee that the grantor is/are lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2001

**IN WITNESS WHEREOF,** the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____                    _____ L.S.
Signature                                            **JAMES R. HENSON, Individually and**
_____                    **as Trustee**
Printed Signature
_____
Signature
_____
Printed Signature

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

   The foregoing instrument was acknowledged before me this **15th** day of **March, 2002** by JAMES R. HENSON  who is/are personally known to me or has produced _____ as identification.

      **SEAL**                                        _____
                                                     Notary Signature
                                                     _____
My Commission Expires:                               Printed Notary Signature

                                    Jill A Civiero
                                    My Commission CC728970
                                    Expires March 29, 2002

File # 5500-885

# EXHIBIT "D"

DOC# 20120383014 B: 10411 P: 4940
07/18/2012 02:15:28 PM  Page 1 of 2
Rec Fee: $18.50
Deed Doc Tax: $0.70
DOR Admin Fee: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
SA - Ret To: JAMES C HINCKLEY P A



This Instrument Prepared By:
JAMES C. HINCKLEY
Florida Bar Number 360341
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 377-6391

Tax Appraiser's I.D. Number: 03-23-28-5609-00670

## SPECIAL WARRANTY DEED

THIS SPECIAL WARRANTY DEED made the __10__ day of __July__,
2012, by Jodell M. Altier, a married woman, whose post office
address is 2507 Roat Drive, Orlando, FL 32835 (hereinafter referred
to as the "Grantor"), to Jennifer E. Sandman and Jill A. Altier,
Successor Co-Trustees, Altier Family Irrevocable Trust U/A DTD
7/9/2002, whose post office address is 2507 Roat Drive, Orlando, FL
32835 (hereinafter referred to as the "Grantee").

(Whenever used herein the terms "Grantor" and "Grantee"
include all the parties to this instrument and the heirs, legal
representatives and assigns of individuals, and the successors and
assigns of trustee)

### WITNESSETH:

That Grantors, for and in consideration of the sum of Ten
Dollars ($10.00) and other valuable considerations, the receipt and
sufficiency of which is hereby acknowledged, hereby grant, bargain,
sell, alien, remise, release, convey and confirm unto Grantee, all
of the Grantors' right, title and interest in and to that certain
real property situate, lying and being in Orange, Florida
(hereinafter referred to a the "Property") and being more
particularly described as follows:

Lot 67, METROWEST UNIT 2 REPLAT, according to the plat thereof as
recorded in Plat Book 23, Pages 120 and 121 of the Public Records
of Orange County, Florida.

This is not nor has it ever been the homestead of the Grantor.

Subject to restrictions and easements of record, if any.

TOGETHER, with all of the tenements, hereditaments, and
appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND Grantors hereby covenants with Grantee that Grantors are
lawfully seized of the Property in fee simple; that the Grantors
have good right and lawful authority to sell the Property; and
hereby warrant the title to the Property and will defend the same
against the lawful claims of all persons claiming by, through or
under the Grantors. This conveyance is subject to taxes accruing
subsequent to December 31, 2011, and to easements, restrictions,
agreements, conditions, limitations and reservations of record, but
this reference to restrictions shall not operate to reimpose same.

Grantee shall have the power and authority either to protect,
conserve and to sell, or to lease, or to encumber, otherwise to
manage and dispose of the real property described herein, in
accordance with F.S. 689.071. The successor trustee shall have the
same powers granted to the original trustees, as set forth above.

IN WITNESS WHEREOF, the party of the first part have hereunto
set her hand and seal the day and year first above written.

Signed, Sealed and Delivered in Our Presence:

_Steve R. Sandman_

_Dave Scott_

Jodell M. Altier

STATE OF FLORIDA        )
                SEMINOLE    )
COUNTY OF ~~ORANGE~~        )


    The foregoing instrument was acknowledged before me this _10_
day of _JULY_____, 2012 by Jodell M. Altier.


_____
Notary Public

JULIE TRUJILLO
Notary Public · State of Florida
My Comm. Expires Jun 6, 2014
Commission # DD 965327

Personally Known ___/___ OR Produced Identification _____
Type of Identification Produced _____

# EXHIBIT "E"

Prepared by:

After Recorded return to
Jodell M. & Joseph E. Altier
2507 Roat Dr
Orlando, FL 32835

DOC# 20130497797 B: 10638 P: 3465
09/18/2013 03:13:41 PM  Page 1 of 2
Rec Fee: $18.50
Deed Doc Tax: $0.70
DOR Admin Fee: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
SA - Ret To: JOSEPH ALTIER

## Warranty Deed

| STATE OF FLORIDA | )( |
| COUNTY OF ORANGE | )( |

KNOW ALL MEN BY THESE PRESENTS, that Jodell M. Altier & Joseph E. Altier, Trustees of Orange County Florida, grant and convey for Ten Dollars and other valuable considerations unto the said Grande Legacy Group (A Texas Joint-Stock Company) of Orange County, Florida all that certain residential lot and improvements known as:

2122 Kettle Drive Orlando, Florida 32835

That property located and more specifically described as that property;

Real property in the County of Orange, State of Florida –

*Legal Description:*

LOT 67, METROWEST UNIT REPLAT, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 23, PAGES 120 AND 121 OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA

PARCEL ID: 03-23-28-5609-00670

To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in any wise belonging unto the said Grande Legacy Group its heirs or assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Grande Legacy Group its heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof. This Deed is subject to any liens and mortgages authorized and executed by the Grantors.

by _____
Jodell M. Altier, Trustee

_____
Joseph E. Altier, Trustee

Witness _____
KATHERINE BECK
Print

Witness _____
Michele Dobrucky
Print

Warranty Deed
Page 1 of 2

**STATE OF FLORIDA**                )(
                                    )(
**COUNTY OF ORANGE**                )(


On the 17 day of _____Sept_____, 2013, before me came, Jodell M. Altier & Joseph E. Altier Trustees, known to me to be the individuals described in, and who executed the foregoing instrument, and he/her acknowledged that he/her executed the same, and in due form of law acknowledged the foregoing instrument to be his/her free act and deed and desired the same might be recorded as such.

Witness my hand and official seal.


_Xavier Solis_____
Printed Name

_____
Notary Public in and for the State of Florida

My Commission Expires: __03|15|16__

JAVIER SOLIS
Notary Public - State of Florida
My Comm. Expires Mar 15, 2016
Commission # EE 179839
Bonded Through National Notary Assn.

# EXHIBIT "F"

Prepared by:
Karen Perkins
The Title Station, Inc.
96 Willard Street, Suite 204
Cocoa, Florida 32922

File Number: 02-1093

CFN:2002144859    06-11-2002 11:28 am
OR Book/Page: **4613 / 2224**

*Scott Ellis*
Clerk Of Courts, Brevard County

#Pgs: 1     #Names: 3
Trust: 1.00    Rec: 5.00    Serv: 0.00
Deed: 1,995.00          Excise: 0.00
Mtg: 0.00              Int Tax: 0.00

## General Warranty Deed

Made this June 7, 2002 A.D. By Glenn C. Morris and June C. Heineman Morris, husband and wife, hereinafter called the grantor, to Jodell M. Attler, whose post office address is: 6367 All America Blvd., Orlando, FL 32810, hereinafter called the grantee:

(Whenever used herein the term "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

**Witnesseth,** that the grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in Brevard County, Florida, viz:

Lot 28, Block 7, TORTOISE ISLAND, PHASE FOUR, P.U.D., according to the Plat thereof, as recorded in Plat Book 34, Pages 69 through 79, of the Public Records of Brevard County, Florida.

Parcel ID Number: 26-37-22-80-00007.0-0028.00

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31, 2001.

**In Witness Whereof,** the said grantor has signed and sealed these presents the day and year first above written.

*Signed, sealed and delivered in our presence:*

_____                    _____ (Seal)
Witness Printed Name Karen Perkins                  Glenn C. Morris
                                                    Address: 1664 Country Cove Circle
                                                    Malabar, FL 32950

_____                    _____ (Seal)
Witness Printed Name Kara L. Heber                  June C. Heineman Morris
                                                    Address: 1664 Country Cove Circle
                                                    Malabar, FL 32950

State of FLORIDA
County of BREVARD

The foregoing instrument was acknowledged before me this June 7, 2002, by Glenn C. Morris and June C. Heineman Morris, husband and wife, who are personally known to me or who have produced _D.L._ as identification.

_____
Notary Public
Print Name:_____

My Commission Expires:_____



Karen Perkins
MY COMMISSION # CC839511 EXPIRES
November 30, 2003
BONDED THRU TROY FAIN INSURANCE, INC.

DEED Individual Warranty Deed - Legal on Face
Closers' Choice

# EXHIBIT "G"

2

This Instrument Prepared By:
JAMES C. HINCKLEY
Florida Bar Number 360341
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 377-6391

Tax Appraiser's I.D. Number: 27-37-22-8 0-00007.0-0028.00

## SPECIAL WARRANTY DEED

THIS SPECIAL WARRANTY DEED made the 10 day of July,
2012, by Jodell M. Altier, a married woman, whose post office
address is 2507 Roat Drive, Orlando, FL 32835 (hereinafter referred
to as the "Grantor"), to Jennifer E. Sandman and Jill A. Altier,
Successor Co-Trustees, Altier Family Irrevocable Trust U/A DTD
7/9/2002, whose post office address is 2507 Roat Drive, Orlando, FL
32835 (hereinafter referred to as the "Grantee").

(Whenever used herein the terms "Grantor" and "Grantee"
include all the parties to this instrument and the heirs, legal
representatives and assigns of individuals, and the successors and
assigns of trustee)

### WITNESSETH:

That Grantors, for and in consideration of the sum of Ten
Dollars ($10.00) and other valuable considerations, the receipt and
sufficiency of which is hereby acknowledged, hereby grant, bargain,
sell, alien, remise, release, convey and confirm unto Grantee, all
of the Grantors' right, title and interest in and to that certain
real property situate, lying and being in Brevard County, Florida
(hereinafter referred to a the "Property") and being more
particularly described as follows:

Lot 28, Block 7, TORTOISE ISLAND, PHASE FOUR, P.U.D., according to
the plat thereof as recorded in Plat Book 34, Pages 69 through 79
of the Public Records of Brevard County, Florida.

This is not nor has it ever been the homestead of the Grantor.

Subject to restrictions and easements of record, if any.

TOGETHER, with all of the tenements, hereditaments, and
appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND Grantors hereby covenants with Grantee that Grantors are
lawfully seized of the Property in fee simple; that the Grantors
have good right and lawful authority to sell the Property; and
hereby warrant the title to the Property and will defend the same
against the lawful claims of all persons claiming by, through or
under the Grantors. This conveyance is subject to taxes accruing
subsequent to December 31, 2011, and to easements, restrictions,
agreements, conditions, limitations and reservations of record, but
this reference to restrictions shall not operate to reimpose same.

Grantee shall have the power and authority either to protect,
conserve and to sell, or to lease, or to encumber, otherwise to
manage and dispose of the real property described herein, in
accordance with F.S. 689.071. The successor trustee shall have the
same powers granted to the original trustees, as set forth above.

IN WITNESS WHEREOF, the party of the first part have hereunto
set her hand and seal the day and year first above written.

Signed, Sealed and Delivered in Our Presence

_____
Steve R. Sandman

_____
Dave Scott

_____
Jodell M. Altier

**STATE OF FLORIDA** )
          SEMINOLE )
**COUNTY OF** ~~ORANGE~~ )

    The foregoing instrument was acknowledged before me this 10 day of ____JULY____, 2012 by Jodell M. Altier.

_____
Notary Public

JULIE TRUJILLO
Notary Public - State of Florida
My Comm Expires Jun 8, 2014
Commission # DD 985327

Personally Known ✓ OR Produced Identification _____
Type of Identification Produced _____

# EXHIBIT "H"

Prepared by

After Recorded return to
Jodell M & Joseph E Altier
2507 Roat Dr
Orlando, FL 32835

# **Warranty Deed**

| | | |
|---|---|---|
| **STATE OF FLORIDA** | )( | |
| | )( | |
| **COUNTY OF BREVARD** | )( | |

KNOW ALL MEN BY THESE PRESENTS, that Jodell M Altier & Joseph E Altier, Trustees of Brevard
County Florida, grant and convey for Ten Dollars and other valuable considerations unto the said Grande
Legacy Group (A Texas Joint-Stock Company) of Orange County, Florida all that certain residential lot and
improvements known as:

> 280 Lanternback Island Drive Satellite Beach, Brevard County, Florida 32937

That property located and more specifically described as that property;

> Real property in the County of Brevard, State of Florida –

> *Legal Description.*

> LOT 28, BLOCK 7, TORTOISE ISLAND, PHASE FOUR, PUD, BOOK 34, PAGE 69  BREVARD
> COUNTY, FLORIDA

To have and to hold the above described premises, together with all and singular, the rights and appurtenances
thereto in any wise belonging unto the said Grande Legacy Group its heirs or assigns forever, and we do hereby
bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said
premises unto the said Grande Legacy Group its heirs and assigns, against every person whomsoever lawfully
claiming or to claim the same, or any part thereof. This Deed is subject to any liens and mortgages authorized
and executed by the Grantors.

by _____
Jodell M Altier, Trustee

_____
Joseph E Altier, Trustee

_____
Witness
KATHERINE BECK
Print

_____
Witness
Michele Dobrucky
Print

Warranty Deed
Page 1 of 2

STATE OF FLORIDA )(
)(
COUNTY OF Orange )(

On the 17 day of Sept , 2013, before me came, Jodell M. Altier & Joseph E Altier Trustees, known to me to be the individuals described in, and who executed the foregoing instrument, and he/her acknowledged that he/her executed the same, and in due form of law acknowledged the foregoing instrument to be his/her free act and deed and desired the same might be recorded as such.

Witness my hand and official seal.

Javier Solis
Printed Name

Notary Public in and for the State of Florida

My Commission Expires: 03|15|16

JAVIER SOLIS
Notary Public - State of Florida
My Comm Expires Mar 15, 2016
Commission # EE 179839
Bonded Through National Notary Assn